UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE MILLER, as the personal
representative of the Estate of
Abraham L. Shakespeare, deceased,

      Plaintiff,
v.                                                                          Case No.: 8:13-cv-1425-T-33AEP
BANK OF AMERICA, N.A.,

      Defendant.

_____

## MOTION FOR REMAND

Plaintiff, Christine Miller, the personal representative of the Estate of Abraham Shakespeare, requests the Court remand this cause of action to State Court for the 10th Judicial Circuit in and for Polk County, Florida, and, as grounds therefore, states:

1.    This cause of action was originally filed in the Circuit Court of Polk County Florida on April 29, 2013.

2.    The Defendant, Bank of America, has not yet been served with the complaint. Accordingly, there has not yet been jurisdiction over the Defendant. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). ("In the absence of service of process (or waiver of service by the defendant) a court ordinarily may not exercise power over a party the complaint names as defendant." Id. at 350.)

3.    Moreover, there has been no responsive pleading filed by the Defendant.

4. Nevertheless, on May 31, 2013, the Defendant removed this cause to federal court.

5. The Plaintiff, Christine Miller, had not yet served the Defendant because she was in the process of amending her complaint with the intention of adding additional defendants.

6. The amendment of the complaint to add Dorice "Dee Dee" Moore as a defendant will bring an action for fraud against her and the amendment to add Guy Doug Hancock as a defendant will bring an action against him individually for negligence and breach of fiduciary duty.

7. Consequently, the addition of these two defendants, who are both individual residents of the State of Florida, would render this cause non-removable as there would no longer be complete diversity of citizenship in this matter. 28 U.S.C.A. 1332(a), 28 U.S.C.A. 1441 (b).

8. A copy of the proposed amended complaint which would be filed in the Circuit Court of Polk County, Florida is attached as Exhibit "A".

9. Pursuant to Local Rule 3.01(g), Timothy O. Coyle, counsel for the Plaintiff, certifies that he conferred with Dora Kaufman, counsel for the Defendant, and that her client opposes the Motion and will file a response in opposition.

WHEREFORE, Plaintiff respectfully requests the Court remand this cause of action to the State Court in and for the 10th Judicial Circuit of Polk County, Florida.

BRUSH, PUJOL & COYLE, P.A.

_/s/ Robert M. Brush_
ROBERT M. BRUSH, ESQUIRE
Florida Bar Number: 349992
TIMOTHY O. COYLE
Florida Bar Number: 0956368
825 East Main Street

Lakeland, Florida 33801-5151
Telephone - (863) 603-0563
Facsimile - (863) 603-0884
bob@kbpclaw.com
Attorney for Plaintiff

And

STEPHEN M. MARTIN, ESQUIRE
Florida Bar Number: 308234
200 Lake Morton Drive, Floor 2
Lakeland, Florida 33801-5318
Telephone - (863) 683-8765
Facsimile - (863) 687-6283
smmattorney@smartinpa.com
Co-Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2013, I filed via electronic transmission with CM/ECF the foregoing document to Dora Kaufman, Esq., at jrl@lgplaw.com.

/s/ Robert M. Brush

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL
CIRCUIT, IN AND FOR, POLK COUNTY, FLORIDA
CIVIL DIVISION

CHRISTINE MILLER as the Personal
Representative of the Estate of
Abraham L. Shakespeare, deceased.

     CASE NO.:

  Plaintiff,

v.

BANK OF AMERICA, N.A.,
DORICE "DEE DEE" MOORE, and
GUY DOUG HANCOCK.

  Defendant.
_____/

## AMENDED COMPLAINT

No responsive pleading having been filed, Plaintiff amends her complaint as follows:

### INTRODUCTION
### Allegations Common to All Counts

1. This is an action for damages which exceed $15,000.

2. Plaintiff, CHRISTINE MILLER, is the Personal Representative of the Estate of Abraham L. Shakespeare, deceased. Plaintiff is a resident of Polk County, Florida. Attached as Exhibit "A" is a copy of the Letters of Administration dated February 26, 2010.

3. At all times material, Abraham L. Shakespeare, deceased, was a resident of Lakeland, Polk County, Florida.

4. Abraham L. Shakespeare, was murdered and his body discovered January 28, 2010.

5. Defendant, DORICE "DEE DEE" MOORE, who was at all times material a

resident of Florida, was convicted of murdering Abraham L. Shakespeare and was and was immediately thereafter sentenced to life imprisonment by Hillsborough County Circuit immediately sentenced thereafter to life imprisonment by Judge Emmett Lamar Battles on December 10, 2012.

6. Bank of America, N.A., is a North Carolina corporation doing business in Florida which has office branches in Polk County, Florida, at all times material.

7. Abraham L. Shakespeare won the Florida Lottery in 2006 and chose to take a lump sum payment of $17,000,000.

8. In October 2008, Abraham L. Shakespeare was befriended by Defendant DORICE "DEE DEE" MOORE.

9. Defendant, MOORE proceeded to engage in criminal enterprise to steal the remaining funds of Mr. Shakespeare. MOORE'S actions ultimately led to Mr. Shakespeare's death by homicide at the hands of MOORE.

10. On February 10, 2009, MOORE opened an account for the Abraham Shakespeare, LLC, at a branch of Defendant, BANK OF AMERICA, N.A., located at 4330 US Highway 98 North, Lakeland, Florida with a representative of Defendant named GUY DOUG HANCOCK, who was the branch manager. At all time material, Defendant GUY DOUG HANCOCK was a resident of Florida.

11. The Abraham Shakespeare, LLC had been formed one day before on February 9, 2009, by MOORE who made herself the general manager and resident agent.

12. On February 10, 2009, MOORE told HANCOCK that there would be a check deposited the next day for over $1,000,000 dollars. At that time MOORE presented Defendant, BANK OF AMERICA, N.A., with corporate minutes of a supposed meeting of directors of the LLC authorizing Mr. Shakespeare and MOORE as signatories on the bank

account.

13. MOORE informed HANCOCK that she was in the business of tracking down tax clients and turning them in to the IRS.

14. MOORE further informed HANCOCK that Mr. Shakespeare was one of the tax cheats, but that she felt sorry for him and had decided to help him instead of turning him in.

15. Finally, MOORE informed HANCOCK that she would need to withdraw $250,000 right away.

16. On February 11, 2009, MOORE and Mr. Shakespeare came to BANK OF AMERICA and met with HANCOCK with a check payable to Mr. Shakespeare in the amount of One Million Ninety-five thousand and one hundred eight dollars and ninety-eight cents ($1,095,108.98). See attached as Exhibit "B".

17. At the meeting, Mr. Shakespeare was adamant that he have access to his money.

18. As MOORE and Shakespeare left HANCOCK'S office, MOORE "ducked" back into HANCOCK'S office asking him to call her if Mr. Shakespeare attempted to withdraw money because he would waste it.

19. HANCOCK told Mr. Shakespeare and MOORE that the funds would not be available for 5 to 7 business days.

20. MOORE contacted HANCOCK by phone everyday, several times a day to check on the availability of the funds.

21. On February 12, 2009, MOORE contacted HANCOCK to find out how to remove Mr. Shakespeare as a signatory on the account. HANCOCK advised it would require another set of LLC minutes.

22. On February 17, 2009, MOORE presented HANCOCK with "minutes" of another board meeting at which time it was decided that Mr. Shakespeare should be removed as a

signatory on the account due to a criminal investigation of which he was subject. MOORE was the only board member present. Attached as Exhibit "C" is a copy of the minutes.

23. On February 18, 2009, $250,000 was withdrawn from the account and paid to ASTAT, LLC, a company owned by MOORE'S boyfriend, Shar Krasniqi.

24. On February 18, 2009, $250,000 was withdrawn by cashier's check payable to the Internal Revenue Service, but the check was endorsed "not used for purpose intended" and deposited into the account of American Medical Professionals, LLC, an account with BANK OF AMERICA, N.A., which was MOORE'S contract nurse business.

25. On February 19, 2009, $200,000 was withdrawn and paid to American Medical Professionals, LLC.

26. On February 23, 2009, another withdrawal was made of $250,000 and deposited into American Medical Professionals, LLC.

27. HANCOCK was aware of the withdrawals, but took no action to stop the withdrawals, took no steps to notify Mr. Shakespeare, despite having knowledge that he was adamant about having access to his money, and took no action to notify law enforcement authorities.

28. One or two days after the initial deposit had cleared, MOORE wrote a check in the amount of $20,000 from Abraham Shakespeare, LLC and made the check payable to HANCOCK and hand delivered it to him. MOORE told him it was "for helping her keep Abraham away from the money" and for future assistance in finding people who were delinquent on their income taxes.

29. HANCOCK delivered the check to the Defendant's, BANK OF AMERICA, N.A., Security Department and it was placed in a safe deposit box to which he had no access.

## COUNT I
## NEGLIGENCE (Bank of America, N.A.)

30. As an account holder who had deposited over $1,000,000, Defendant, BANK OF AMERICA, N.A., owed Mr. Shakespeare a duty to use ordinary care and to act in a commercially reasonable and proper manner.

31. The employees and/or agents of Defendant, BANK OF AMERICA, N.A., breached their duty to Mr. Abraham L. Shakespeare and were negligent in one or more of the following:

- a) negligently dealing with and allowing Defendant, DORICE "DEE DEE" MOORE to set up an account to commit and be used for criminal acts and allowing the wrongful acts to be perpetrated without properly considering, investigating or heeding all the suspicious facts and circumstances that should have raised concern and questions to any reasonable person;
- b) failing to properly investigate or obtain basic information concerning Defendant, MOORE, before setting up accounts;
- c) failing to follow the provisions of federal or state law in opening or maintaining said accounts including but not limited to the U.S. Patriot Act, Bank Secrecy Act and other provisions of law and regulation intended to prevent and protect against crime;
- d) failing to have appropriate compliance plans, programs, procedures and/or policies in effect to prevent and protect against such crimes;
- e) failing to properly hire, train, monitor and supervise agents, servants and/or employees;
- f) failing to adopt plans, programs, procedures and/or policies to prevent and protect against fraud and crime;
- g) failing to meet their duty to Abraham L. Shakespeare pursuant to Section 415.1034 of the laws of the state of Florida and neglecting to report evidence of exploitation, Defendant knew or reasonably should have known or had cause to suspect;
- h) failing to follow any plan, program, procedure or policy, if proposed, adopted or implemented by Defendant to prevent and protect against fraud and crimes;
- I) failing to heed the 'red flags' of fraud herein and meet a duty of care to Abraham L. Shakespeare under these facts and circumstances, and act in a commercially reasonable and responsible manner;
- j) failing to notify Abraham L. Shakespeare or law enforcement or otherwise prevent or stop the harm herein;
- k) failing to use due or ordinary care or act in a commercially reasonable and proper manner;
- l) failing to meet a special duty of care to Abraham L. Shakespeare by reason of his

Page 5

vulnerable condition and all of the facts and circumstances, then and there existing, as were known or should reasonably have been known;

m) failing to properly monitor the checks herein and activities, the suspicious sequence of checks, the large amounts of the checks and failing to note and act upon the suspicious activities herein, despite having the opportunity and being in a unique position to do so and promptly alert law enforcement;

n) wrongfully and negligently endangering and failing to protect and safeguard the funds of Abraham L. Shakespeare, as set forth herein;

o) failing to conduct their banking business according to a duty and standard of care that exists and/or should exist for all banks to protect their customers against such fraud and other crimes;

p) in being otherwise negligent as the facts, evidence and proof to be investigated and discovered will show; and

q) in negligently violating any provisions of federal or state law, rule or regulation pertaining to or existing to address the criminal acts and harm that occurred herein, as the facts, evidence and proof to be investigated and discovered will show.

32. As a result of Defendant's negligence, the Estate of Abraham L. Shakespeare has been damaged in the amount of $1,095,108.98 plus pre-judgment interest.

WHEREFORE, Plaintiff, CHRISTINE MILLER, as the Personal Representative of the Estate of Abraham L. Shakespeare demands judgment against Defendant, BANK OF AMERICA, N.A. for damages, pre-judgment interest and costs and respectfully requests a trial by jury.

### COUNT II

### BREACH OF FIDUCIARY DUTY (Bank of America, N.A.)

33. Plaintiff realleges paragraphs 1 through 32.

34. Defendant, BANK OF AMERICA, N.A., owed a fiduciary duty to Abraham L. Shakespeare as a customer of the bank.

35. Specifically, in setting up the account for Abraham Shakespeare, LLC, Mr. Abraham Shakespeare was adamant with HANCOCK that he wanted access and control of his

money, the $1,095,108.98 that he had deposited.

36. Defendant breached its fiduciary duty to Abraham L. Shakespeare by removing his name as a signatory from the account; allowing his funds to be withdrawn and disbursed and failing to disclose to Abraham L. Shakespeare that his name was removed as a signatory on the account and that his funds had been withdrawn from the account.

37. As a result of Defendant's breach of fiduciary duty, the Estate of Abraham L. Shakespeare has been damaged in the amount of $1,095,108.98 plus pre-judgment interest.

WHEREFORE, Plaintiff, CHRISTINE MILLER, as the Personal Representative of the Estate of Abraham L. Shakespeare demands judgment against Defendant, BANK OF AMERICA, N.A., for damages, pre-judgment interest and costs and respectfully demands a trial by jury.

## COUNT III
## NEGLIGENCE (GUY DOUG HANCOCK)

38. Plaintiff realleges paragraphs 1 through 38.

39. Defendant, GUY DOUG HANCOCK, the branch manager of Defendant, BANK OF AMERICA, N.A., owed a duty to Mr. Shakespeare, a customer who had deposited over $1,000,000, to use ordinary care and to act in a commercially reasonable and proper manner.

40. Defendant, GUY DOUG HANCOCK, breached his duty to Mr. Shakespeare and was negligent in one or more of the following:

   a) negligently dealing with and allowing Defendant, DORICE "DEE DEE" MOORE to set up an account to commit and be used for criminal acts and allowing the wrongful acts to be perpetrated without properly considering, investigating or heeding all the suspicious facts and circumstances that should have raised concern and questions to any reasonable person;

Page 7

b) failing to properly investigate or obtain basic information concerning Ms. Moore before setting up accounts;

c) failing to follow the provisions of federal or state law in opening or maintaining said accounts including but not limited to the U.S. Patriot Act, Bank Secrecy Act and other provisions of law and regulation intended to prevent and protect against crime;

d) failing to have and/or enforce appropriate compliance plans, programs, procedures and/or policies in effect to prevent and protect against such crimes;

e) failing to properly hire, train, monitor and supervise agents, servants and/or employees;

f) failing to adopt and/or enforce plans, programs, procedures and/or policies to prevent and protect against fraud and crime;

g) failing to meet his duty to Abraham L. Shakespeare pursuant to Section 415.1034 of the laws of the state of Florida and neglecting to report evidence of exploitation, Defendant knew or reasonably should have known or had cause to suspect;

h) failing to follow any plan, program, procedure or policy, if proposed, adopted or implemented by Defendant, BANK OF AMERICA, N.A., to prevent and protect against fraud and crimes;

I) failing to heed the 'red flags' of fraud herein and meet a duty of care to Abraham L. Shakespeare under these facts and circumstances, and act in a commercially reasonable and responsible manner;

j) failing to notify Abraham L. Shakespeare or law enforcement or otherwise prevent or stop the harm herein;

k) failing to use due or ordinary care or act in a commercially reasonable and proper manner;

l) failing to meet a special duty of care to Abraham L. Shakespeare by reason of his vulnerable condition and all of the facts and circumstances, then and there existing, as were known or should reasonably have been known;

m) failing to properly monitor the checks herein and activities, the suspicious sequence of checks, the large amounts of the checks and failing to note and act upon the suspicious activities herein, despite having the opportunity and being in a unique position to do so and promptly alert law enforcement;

n) wrongfully and negligently endangering and failing to protect and safeguard the funds of Abraham L. Shakespeare, as set forth herein;

o) failing to conduct his banking business as the branch manager of Defendant, BANK OF AMERICA, N.A., according to a duty and standard of care that exists and/or should exist for all branch managers of banks to protect their customers against such fraud and other crimes;

p) in being otherwise negligent as the facts, evidence and proof to be investigated and discovered will show; and

q) in negligently violating any provisions of federal or state law, rule or regulation pertaining to or existing to address the criminal acts and harm that occurred herein, as the facts, evidence and proof to be investigated and discovered will show.

41. As a result of Defendant, GUY DOUG HANCOCK's, negligence, the Estate of Abraham

L. Shakespeare has been damaged in the amount of $1,095, 108.98 plus pre-judgment interest.

WHEREFORE, Plaintiff, CHRISTINE MILLER, as the Personal Representative of the Estate of Abraham L. Shakespeare, demands judgment against Defendant, GUY DOUG HANCOCK, for damages, pre-judgment interest and costs and respectfully requests a trial by jury.

## COUNT IV
## (BREACH OF FIDUCIARY DUTY GUY DOUG HANCOCK)

42. Plaintiff realleges paragraphs 1 through 41.

43. Defendant, GUY DOUG HANCOCK, as the branch manager and as the person who set up the account for Abraham Shakespeare, LLC, owed a fiduciary duty to Abraham Shakespeare as a customer of the bank.

44. Specifically, in setting up the account for Abraham Shakespeare, LLC, GUY DOUG HANCOCK knew that Abraham Shakespeare was adamant that he wanted access and control of his money, the $1,095,108.98 that he had deposited.

45. Defendant, GUY DOUG HANCOCK, breached his fiduciary duty to Abraham L. Shakespeare by removing his name as a signatory, allowing his funds to be withdrawn and disbursed and failing to disclose to Abraham L. Shakespeare that his name was removed as a signatory on the account and that his funds had been withdrawn from the account.

46. As a result of GUY DOUG HANCOCK'S breach of fiduciary duty, the Estate of Abraham L. Shakespeare has been damaged in the amount of $1,095,108.98 plus pre-judgment interest.

WHEREFORE, Plaintiff, CHRISTINE MILLER, as the Personal Representative of the

Estate of Abraham L. Shakespeare demands judgment against Defendant, GUY DOUG HANCOCK, for damages, pre-judgment interest and costs and respectfully demands a trial by jury.

## COUNT V

## (FRAUD as to DORICE "DEE DEE" MOORE)

47.     Plaintiff realleges paragraphs 1 through 28.

48.     Defendant, DORICE "DEE DEE" MOORE, engaged in a fraudulent scheme to steal $1,095,108.98 from Abraham L. Shakespeare.

49.     In furtherance of the scheme to defraud Mr. Shakespeare, MOORE set up a limited liability company named Abraham Shakespeare, LLC, on February 9, 2009, making herself the general manager and resident agent. See attached Exhibit "D".

50.     MOORE then went with Mr. Shakespeare on February 11, 2009 to Defendant, BANK OF AMERICA, N.A.'S, bank branch on Highway 98 in Lakeland, Polk County, Florida and met with Defendant, HANCOCK to set up a business account to receive Mr. Shakespeare's remaining funds of $1,095,108.98.

51.     Defendant, MOORE, stated to Mr. Shakespeare that he would have access to his money and Mr. Shakespeare was adamant that he have access to his money during the meeting.

52.     Defendant, MOORE, falsely stated to Mr. Shakespeare that he would have access to his money and she knew at the time she made the statement that it was false.

53.     Defendant, MOORE'S, statement to Mr. Shakespeare that he would have access to his money was made by her for the sole purpose of inducing Shakespeare to transfer his funds into

the account of Abraham Shakespeare, LLC at Defendant, BANK OF AMERICA, N.A.

54. On February, 11, 2009, in reliance on the false statements made by Defendant, MOORE, Mr. Shakespeare deposited his $1,095,108.98 into the account with Defendant, BANK OF AMERICA, N.A.

55. On February 12, 2009, Defendant, MOORE, contacted Defendant, HANCOCK, to find out how to remove Mr. Shakespeare as a signatory on the account and, therefore, deprive him of access to his funds.

56. Defendant, HANCOCK, advised MOORE that a set of corporate minutes of the LLC which authorized the removal of Shakespeare was required by the bank in order to remove Shakespeare as a signatory.

57. On February 17, 2009, Defendant, MOORE, drafted a fraudulent "Minutes Meeting" of the Abraham Shakespeare, LLC to remove Abraham Shakespeare as a signatory of the account, which led Defendant, BANK OF AMERICA and Defendant, HANCOCK, to remove him as a signatory on the account. See attached Exhibit "C".

58. Over the next several days, from February 18, 2009 to February 23, 2009, Defendant, MOORE, proceeded to withdraw all of the funds from the Abraham Shakespeare, LLC bank account.

59. As a result of this fraud by Defendant, MOORE, Abraham Shakespeare and the Estate of Abraham L. Shakespeare were damaged in the amount of $1,095, 108.98 plus pre-judgment interest.

WHEREFORE, Plaintiff, CHRISTINE MILLER, as the Personal Representative of the Estate of Abraham Shakespeare, demands judgment against Defendant, DORICE "DEE DEE"

MOORE, for damages, pre-judgment interest and costs and respectfully requests a trial by jury.

Dated this 27th day of June, 2013.

          BRUSH, PUJOL & COYLE, P.A.

          */s/ Robert M. Brush*
ROBERT M. BRUSH, ESQUIRE
Florida Bar Number: 349992
825 East Main Street
Lakeland, Florida 33801-5151
Telephone - (863) 603-0563
Facsimile - (863) 603-0884
bob@kbpclaw.com
Attorney for Plaintiff

And

STEPHEN M. MARTIN, ESQUIRE
Florida Bar Number: 308234
200 Lake Morton Drive, Floor 2
Lakeland, Florida 33801-5318
Telephone - (863) 683-8765
Facsimile - (863) 687-6283
smmattorney@smartinpa.com
Co-Counsel for Plaintiff

INSTR # 2010033006  OR BK 08C  PG 2282  03/01/2010  03:46:38 PM
Richard M. Weiss Clerk of County Polk County Recorded By Court

IN THE CIRCUIT COURT FOR POLK COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF

ABRAHAM L. SHAKESPEAR

Deceased.

File No. 10CP-0285

Division TENTH

RECEIVED
PROBATE DEPARTMENT

2010 MAR -1  AM 11: 00

CLERK CIRCUIT COURT

**LETTERS OF ADMINISTRATION**
(single personal representative)

TO ALL WHOM IT MAY CONCERN

WHEREAS, ABRAHAM L. SHAKESPEAR, a resident of 828 East Lowell Street, Lakeland, Florida 33805 died on January 28, 2010, owning assets in the State of Florida, and

WHEREAS, CHRISTINE MILLER has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare CHRISTINE MILLER duly qualified under the laws of the State of Florida to act as personal representative of the estate of ABRAHAM L. SHAKESPEAR, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

ORDERED on  FEB 2 6 2010  , 2010.

_____
JOHN F. LAURENT
Circuit Judge

Bar Form No. P-3.0700
© Florida Lawyers Support Services, Inc.
January 1, 2007



EXHIBIT A

Account: 207995008 94
Bank Number: 03110022
Capture Date: 02/11/2009
Check Number: 1381003774



**Prudential** — Prudential Annuities Life Assurance Corporation
Annuity Service Center
P.O. Box 13686
Philadelphia, PA 19176

Wachovia Bank of Delaware, N.A.
Wilmington, DE 19803

1381003774
62-22
311

Pay: XTra Credit EIGHT
****ONE MILLION NINETY-FIVE THOUSAND ONE HUNDRED
****************************EIGHT AND 98/100 DOLLARS

Contract No. E0724596
FEB 09 2009
$**1095108.98

To the Order of:
ABRAHAM SHAKESPEARE*********************
9340 RED HAWK BOND DRIVE***************
LAKELAND FL 33810

Please cash within 180 days

TREASURER
CONTROLLER

⑈1381003774⑈ ⑆031100225⑆ 207995008338⑈       ⑈01095108.98⑈

Endorsement: Abraham Lee Shakespeare

BANK OF AMERICA, NA TPA
0011060133A E5949 94 PES
02/11/09
004136191010  1 1091



EXHIBIT B

76/209

2290190899929

## Minutes Meeting

Date: 2-17-09

Present

DeeDee Moore

Agenda

Remove Abraham Shakespeare from the business account.

Discussion, Decision, Assignments

First agenda item. Decision was reached for removal of Abraham Shakespeare from the business account.

Decision was based on the **discovery of criminal activity and attempt to defraud.** Investigation is still going on

And charges may follow. Refused involvement once I was made aware of his criminal intent.

Second agenda item. No additional items at this time.

Call ( Deedee Moore at 813-478-8888) with additions or corrections to these minutes.

*(signed) DeeDee Moore*



EXHIBIT C

74/209



# Detail by Entity Name

### Florida Limited Liability Company
ABRAHAM SHAKESPEARE, LLC

### Filing Information

| | |
|---|---|
| **Document Number** | L09000013100 |
| **FEI/EIN Number** | NONE |
| **Date Filed** | 02/09/2009 |
| **State** | FL |
| **Status** | INACTIVE |
| **Effective Date** | 02/09/2009 |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 09/24/2010 |
| **Event Effective Date** | NONE |

### Principal Address

5732 STATE RD 60
PLANT CITY, FL 33566

### Mailing Address

5732 STATE RD 60
PLANT CITY, FL 33566

### Registered Agent Name & Address

MOORE, D
5732 STATE RD 60
PLANT CITY, FL 33566

### Manager/Member Detail

**Name & Address**

Title MGR

MOORE, D
5732 STATE RD 60
PLANT CITY, FL 33566

### Annual Reports

**No Annual Reports Filed**

### Document Images



EXHIBIT D

Detail by Entity Name

Page 2 of 2

02/09/2009 -- Florida Limited Liability | View image in PDF format

Copyright © and Privacy Policies
State of Florida, Department of State



EXHIBIT D contd.

http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/EntityName/flal-l0...   6/27/2013