UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
*(TAMPA DIVISION)*

CIVIL DIVISION

CHRISTINE MILLER as the Personal
Representative of the Estate of
Abraham L. Shakespeare, deceased,

        Plaintiff,

v.                                                                         CASE NO.: 8:13-cv-01425-JSM-AEP

BANK OF AMERICA, N.A.,

        Defendant.
_____/

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Bank of America, N.A. ("BANA" or "Bank"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court for an Order dismissing each of the claims asserted against BANA in Plaintiff's Complaint. In support, BANA states:

### I.   SUMMARY OF ARGUMENT

Banks are not guarantors of their customers' conduct. Nonetheless, that is exactly what Christine Miller as the Personal Representative of the Estate of Abraham L. Shakespeare, deceased ("the Personal Representative" or "Plaintiff") is trying to require of BANA. The Personal Representative of the Estate of Mr. Shakespeare, individually, has sued BANA for over one million dollars simply because the principal of Abraham Shakespeare, LLC ("Shakespeare, LLC"), Dorice "Dee Dee" Moore ("Moore"), engaged in wrongful conduct. In short, Plaintiff alleges that Moore engaged in a criminal enterprise to steal funds from Mr. Shakespeare and that Moore was convicted of murdering Shakespeare. Plaintiff contends that BANA should be held

accountable for Moore's scheme and should reimburse Plaintiff over one million dollars in damages simply because of Moore's heinous conduct and because Abraham Shakespeare, LLC (which is not a party to this lawsuit) held an account at BANA from which withdrawals by an authorized signatory were made. While the Plaintiff insinuates that BANA should have known of Moore's wrongdoing and could have prevented it, Plaintiff's sweeping, generalized claims are solely based on withdrawals by an authorized signatory of a corporate business account, which are routine and required banking services as a matter of law.[1]

The Personal Representative Plaintiff (who is not an account holder and has not succeeded to an account holder) attempts to bootstrap BANA's ordinary banking activities into a claim for negligence (Count I) and a breach of fiduciary duty (Count II). These claims should be dismissed. Plaintiff has failed to state a cause of action for negligence or breach of fiduciary duty and consequently has failed to comply with FRCP Rule 12(b)(6). The claim for negligence and breach of fiduciary duty fail considering that BANA does not owe a duty to non-customer, Abraham Shakespeare (or the Personal Representative acting on behalf of his Estate); Plaintiff has failed to adequately allege the essential element of proximate cause; and Plaintiff has failed to properly aver or establish a fiduciary relationship between the customer and Bank.

---

[1] BANA notes that while Plaintiff initially attempts to insinuate that Moore may have attempted to bribe a BANA employee by delivering a check i/a/o $20,000.00 for help in her nefarious scheme, Plaintiff thereafter implies that the BANA employee rejected the attempted bribe by noting that the employee turned the check over to BANA's Security Department (Compl. D.E. 2 at ¶¶ 27-8).

-2-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

CASE NO.: 8:13-cv-01425-JSM-AEP

## II. PLAINTIFF'S ALLEGATIONS[2]

This action filed against BANA by Plaintiff seeks to recoup funds stolen by Moore (the incorporator, general manager and resident agent of Shakespeare, LLC) from an account held by and in the name of Shakespeare, LLC at BANA. Plaintiff seeks to hold BANA liable for the actions of Shakespeare, LLC's principal, Moore, the incorporator, general manager and resident agent of Shakespeare, LLC (Compl. D.E. 2 at ¶ 11). According to the Complaint, Moore befriended Shakespeare in October 2008 and then engaged in a criminal enterprise to steal Shakespeare's winnings from the Florida Lottery in 2006 (Compl. at ¶¶ 7-9). Moore "was convicted of murdering [Abraham Shakespeare] and was immediately thereafter sentenced to life imprisonment by Hillsborough County Circuit Judge Emmett Lamar Battles on December 10, 2012." (Compl. at ¶¶ 4-5, 9).

Regarding BANA, Plaintiff alleges that Moore opened an account at BANA in the name of Shakespeare, LLC with bank branch manager, Guy Doug Hancock ("Hancock"), on February 10, 2009 (Compl. at ¶ 10). Also on February 10, 2009, Moore told Hancock that a check for over $1,000,000.00 would be deposited into the account the next day and she presented Hancock with the corporate meeting minutes for Shakespeare, LLC authorizing Moore and Shakespeare as signors on the account (Compl. at ¶ 12). She also informed Hancock that "she was in the business of tracking down tax clients and turning them [into] the IRS" and that Shakespeare "was one of the tax cheats, but that she felt sorry for him and had decided to help him instead of turning him in." (Compl. at ¶¶ 13-4).

---

[2] Solely for the purposes of this Motion, the allegations of the Complaint are accepted as true. BANA does not stipulate to the truth of the allegations set forth in the Complaint, including but not limited to those allegations referenced herein.

-3-

On February 11, 2009, Moore and Shakespeare met with Hancock and presented him with a check payable to Shakespeare i/a/o $1,095,108.98 (Compl. at ¶ 16). The next day, Moore contacted Hancock to find out how to remove Shakespeare as a signor on the account and Hancock allegedly informed her that "it would require another set of LLC minutes." (Compl. at ¶ 21). On February 17, 2009, Moore presented Hancock with board meeting minutes indicating that the board authorized the removal of Shakespeare as a signor "on the account due to a criminal investigation of which he was subject." (Compl. at ¶ 22).

On February 18 and 19, 2009, $700,000.00 was withdrawn from the Shakespeare, LLC account held at BANA and paid to or deposited into account(s) held by American Medical Professionals, LLC (Moore's contract Nurse business) (Compl. at ¶¶ 24-6). Also on February 18, 2009, another withdrawal i/a/o $250,000.00 from the Shakespeare, LLC account held at BANA was made and paid to ASTAT, LLC, "a company owned by Ms. Moore's boyfriend, Shar Krasniqi." (Compl. at ¶ 23).

Plaintiff also alleges Moore wrote Hancock a check i/a/o of $20,000.00 from the Shakespeare, LLC account held at BANA and that Hancock delivered the check to BANA's "Security Department and it was placed in a safe deposit box to which he had no access." (Compl. at ¶ 27-8).

BANA had no role in the above criminal scheme, and no duty to a non-customer. Indeed Plaintiff does not and cannot claim that BANA directly participated in the criminal scheme or that BANA had actual knowledge of Moore's allegedly murderous and thieving intentions. Rather, Plaintiff's claims against BANA are solely predicated on the conclusory and unsupported contention that BANA should have known of the Moore's misdeeds and could have done more to prevent them (Compl. at ¶ 30).

-4-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

### III. ARGUMENT

1. *Plaintiff's Claims Should Be Dismissed Pursuant To Rule 12(b)(6) Of The Federal Rules Of Civil Procedure.*

   a. *Plaintiff's Negligence Claim (Count I) Should Be Dismissed Because BANA Did Not Owe Shakespeare (A Non-Customer) A Duty, and Plaintiff Failed To Adequately Allege The Necessary Elements of Negligence.*

In Count I, Plaintiff alleges that BANA was "negligent" in purportedly dealing with Shakespeare in relation to Moore's theft of funds from the Shakespeare, LLC account held at BANA (Compl. at Count I). To state a negligence cause of action, Plaintiff must allege "(1) defendant had a duty towards the plaintiff; (2) defendant breached that duty; (3) defendant's breach was the proximate cause of the plaintiff's injury; and (4) plaintiff's damages resulting from the injury." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1297-98 (M.D. Fla. 2010) *citing Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Plaintiff has failed to state a cause of action for negligence because BANA does not owe Shakespeare (a non-customer) a duty and Plaintiff failed to plead the elements of negligence.

   i. *BANA Did Not Owe Duty To Non-Customer Shakespeare*

In its negligence count, Plaintiff conclusorily alleges that BANA owed Shakespeare a duty of care because he was an account holder at BANA (Compl. at ¶ 29). The remainder of the Complaint, however, makes clear that <u>Shakespeare</u> was not the account holder. Rather, <u>Shakespeare, LLC</u> was the account holder and it was from the Shakespeare, LLC account that funds were alleged to have been wrongfully transferred (Compl. at ¶¶ 10-2, 21-8). Abraham Shakespeare was not BANA's customer; Shakespeare, LLC was.

It is well-settled that banks generally do not owe a duty to non-customers. *Wiand v. Wells Fargo Bank, N.A.*, 2013 WL 1401414, at * 6 (M.D. Fla. Apr. 5, 2013) *citing MLSMK Inv.*

-5-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

Case 8:13-cv-01425-VMC-AEP Document 11 Filed 06/28/13 Page 6 of 12 PageID 69

CASE NO.: 8:13-cv-01425-JSM-AEP

*Co. v. JP Morgan Chase & Co.*, 431 Fed. Appx. 17, 20 (2d Cir.2011); *Conder v. Union Planters Bank N.A.*, 384 F.3d 397, 400 (7th Cir.2004); *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225 (4th Cir.2002); *In re Terrorist Attacks on Sept. 11, 2001*, 349 F.Supp.2d 765, 830 (S.D.N.Y.2005), *aff'd* 538 F.3d 71 (2d Cir.2008). Courts have recognized a narrow exception to this rule "when a bank fails to act to safeguard trust funds on deposit in a fiduciary account after receiving 'clear evidence' of misappropriation." *Id.* (citations omitted). This narrow exception has been deconstructed into three elements: "(1) there is a fiduciary relationship between the customer and the non-customer, (2) the bank knows or ought to know of the fiduciary relationship, and (3) the bank has actual knowledge or notice that a diversion is to occur or is ongoing." *Id. citing Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 232 (5th Cir.2010). "To satisfy the second element, 'the facts [must] support the 'sole inference' that the funds being deposited are held in a fiduciary capacity.'" *Id. quoting Chaney*, 595 F.3d at 232.

Here, the Complaint fails to allege the three elements of this exception to the general proposition that banks do not owe non-customers a duty. There is no allegation that there was a fiduciary relationship between the customer (Shakespeare, LLC) and the non-customer. Even if there was, there is no allegation that BANA knew or should have known of the fiduciary relationship. Lastly, there is no allegation that BANA had "actual knowledge" of any wrongful diversion. Thus, Plaintiff has failed to state a claim for negligence against BANA. *See e.g., Wiand*, 2013 WL 1401414, at * 6-7 (finding Plaintiff failed to state a claim for negligence on behalf of a non-customer because the Plaintiff failed to adequately allege actual knowledge that a misappropriation was intended or was in progress). "'It is only when the bank knows that an actual misappropriation is intended or is in progress' that it can be held liable for conducting

-6-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

regular business." *Id. quoting Atlanta & St. A.B. Ry. Co. v. Barnes*, 95 F.2d 273, 276 (5th Cir.1938).

At best, the allegations (even if asserted by a customer—which is not the case) amount to the claim that BANA should have known of the misdeeds of Moore and could have done more to prevent them. Specifically, Plaintiff Representative asserts that:

- BANA negligently allowed Moore to set up the account and allowed her to commit wrongful acts "without properly considering, investigating or heeding all the suspicious facts and circumstances that should have raised concern and questions to a reasonable person" (Compl. at ¶ 30(a));

- BANA failed to "properly investigate or obtain basic information concerning [Moore] before setting up accounts" (Compl. at ¶ 30(b));

- BANA failed to follow laws and regulations, to have appropriate programs and procedures in place to prevent against crime, and to heed "red flags" of fraud (Compl. at ¶¶ 30(c) – (d), (f), (h) - (i), (m)).

Such allegations do not show "actual knowledge". *See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, 2008 WL 926513, at *6 (S.D. Fla. Mar. 31, 2008) ("Red flags or aroused suspicions do not constitute actual awareness of one's role in a fraudulent scheme."); *Groom v. Bank of Am.*, 2012 WL 50250, at * 3-4 (M.D. Fla. Jan. 9, 2012); *Wiand*, 2013 WL 1401414, at * 3 ("Cases addressing the liability of banks for Ponzi schemes consistently hold that 'red flags' arising from suspicious activity giving rise to the presumption that the bank *should have known* about the Ponzi scheme are insufficient to allege aiding-and-abetting liability.") (original emphasis) (citation omitted).

Moreover, "banks have the 'right to assume that individuals who have the legal authority to handle [an] entity's accounts do not misuse the entity's funds. . . .", *Perlman v. Wells Fargo Bank, N.A.*, 2012 WL 3289826, at * 2 (S.D. Fla. Aug. 10, 2012) *quoting O'Halloran v. First Union Nat. Bank of Florida*, 350 F.3d 1197, 1205 (11th Cir. 2003), and "banks that conduct

-7-

routine banking services, even for transactions or activities that appear atypical upon review, are not required to investigate the account holder's transactions." *Wiand*, 2013 WL 1401414, at *3 *citing Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904 (11th Cir. 2012). Furthermore, the Eleventh Circuit has acknowledged that a bank's refusal to permit a withdrawal by a duly authorized representative (such as Moore) of a corporate account holder would no doubt breach the bank's deposit agreement with that accountholder. *O'Halloran*, 350 F.3d at 1205-1206. It is undisputed that Moore was an authorized signatory on the business account (Shakespeare, LLC), and that the bank lacked any duty to investigate the February 2009 transactions or withdrawals of this authorized signator. Even if Shakespeare was a customer of BANA, it is well-settled that a bank does not owe its customer a duty to ensure that proceeds contained in its customer's accounts are not misappropriated. *See Perlman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 549-50 (Fla. 2d DCA 2003). Rather, a bank is required only to ensure that "the employee, at the time of the withdrawal, has the authority to make withdrawals on behalf of the account holder entity." *O'Halloran*, 350 F.3d at 1205.

In addition to the other infirmities listed above, the Complaint is devoid of any allegations that any transaction was initiated by an unauthorized person. Accordingly, the negligence claim against BANA fails.

### ii. *The Personal Representative Fails To Allege Proximate Cause*

The Plaintiff fails to allege that BANA's breach of a duty to Shakespeare was the proximate cause of Shakespeare's alleged damages. Accordingly, dismissal of the negligence claim is warranted. *See e.g. Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1296298, at * 2 (S.D.Fla. Mar. 27, 2013) (granting motion to dismiss in part for failure to sufficiently allege proximate cause). Plaintiff fails to allege proximate cause, or any specific recitation or

-8-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

correlation to actions of BANA which caused the alleged harm. The Complaint makes clear that the proximate cause of any damages allegedly suffered by Shakespeare were caused by Moore. BANA was not involved in Moore's scheme. It solely provided conventional banking services (e.g., processing withdrawal transactions by an undisputedly authorized signator), which cannot be the basis for proximate cause -- even if the Bank owed any duty to this non-customer, Mr. Shakespeare, individually, or the Personal Representative of his Estate. *See In re Agape Litig.*, 773 F. Supp. 2d 298, 325 (E.D.N.Y. 2011) ("Plaintiffs have alleged that BOA's banking activities, structuring of the accounts, and issuance of the RDS made it easier for Cosmo to effectuate the scheme, these conventional banking transactions were not the proximate cause of the Plaintiffs' damages. . . .") *citing Cromer Fin. Ltd. v. Berger*, 137 F. Supp. 2d 452, 472 (S.D.N.Y.2001). Therefore, Plaintiff fails to state a claim for negligence because it has failed to adequately allege proximate cause.

    **b.**    ***The Breach of Fiduciary Duty Claim (Count II) Should Be Dismissed Because Plaintiff Fails to Allege The Necessary Elements Of A Breach of Fiduciary Duty, and BANA Did Not Owe Shakespeare A Fiduciary Duty.***

Plaintiff claims that BANA "owed a fiduciary duty to [Shakespeare] as a customer of the Bank." (Compl. at ¶ 33). Plaintiff also conclusorily alleges, with no specific support, that in setting up the account for Shakespeare, LLC, [Shakespeare] was [purportedly] "adamant with [Hancock] that he wanted access and control of his money . . ." and that BANA breached this fiduciary duty by "removing his name as a signatory from the account; allowing his funds to be withdrawn and disbursed and failing to disclose to [Shakespeare] that his name was removed as a signatory on the account and that his funds had been withdrawn from the account." (Compl. at ¶ 35). These are the extent of Plaintiff's allegations regarding the alleged fiduciary duty BANA

-9-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130 (305) 379-0400

owed Shakespeare and BANA's alleged breach. These allegations, however, fail to state a claim for breach of fiduciary duty.

### i. *The Personal Representative Fails to Adequately Allege A Fiduciary Relationship*

The elements of a claim for breach of fiduciary duty are: 1) the existence of a fiduciary duty, 2) breach of that duty, and 3) damages proximately caused by the breach. *Hogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1286-87 (M.D. Fla. 2009) *citing Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla.2002). To plead a fiduciary relationship, the plaintiff must sufficiently allege both that the plaintiff placed trust in the defendant and the defendant accepted that trust. *Id. citing Abele v. Sawyer*, 747 So. 2d 415, 417 (Fla. 4th DCA 1999); *see also Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1071-72 (S.D.Fla. 2003). The Complaint is devoid of legally sufficient allegations to demonstrate that anything other than a debtor/creditor relationship applicable to customer accounts was at issue. *See e.g., Hogan*, 665 F. Supp. 2d at 1286-87 (dismissing plaintiff's claim for breach of fiduciary duty where plaintiff failed to adequately allege a fiduciary relationship); *Greenberg*, 264 F. Supp. 2d at 1071-72 (finding plaintiffs failed to state a claim for breach of fiduciary duty where they failed to adequately allege the second element of a fiduciary relationship – acceptance by the defendant of the trust placed in the defendant by plaintiff). As noted above, Shakespeare was not the customer of BANA - Shakespeare, LLC was – and, therefore, BANA did not owe Shakespeare any duty. *See Wiand*, 2013 WL 1401414, at * 6 (stating Banks generally do not owe a duty to non-customers).

-10-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

### ii.     *The Personal Representative Fails To Allege Proximate Cause*

Also, as with its negligence claim, Plaintiff fails to adequately allege BANA's breach of fiduciary duty to Shakespeare was the proximate cause of Shakespeare's alleged damages. The allegations make clear that the proximate cause of any damages allegedly suffered by Shakespeare were caused by the alleged deceptions of Moore and the transfers out of the Shakespeare, LLC account held at BANA. As demonstrated by the allegations in the Complaint, BANA was not involved in Moore's nefarious scheme and solely provided conventional banking transactions, which cannot be the basis for proximate cause. *See In re Agape Litig.*, 773 F. Supp. 2d at 325 ("Plaintiffs have alleged that BOA's banking activities, structuring of the accounts, and issuance of the RDS made it easier for Cosmo to effectuate the scheme, these conventional banking transactions were not the proximate cause of the Plaintiffs' damages. . . .") *citing Berger*, 137 F. Supp. 2d at 472. Therefore, Plaintiff fails to state a cause of action for breach of fiduciary duty because it has failed to adequately allege proximate cause.

### V.     CONCLUSION

Plaintiff's Complaint is facially deficient and should be dismissed with prejudice. Plaintiff has failed to allege facts sufficient to state each of her causes of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, Defendant BANA respectfully requests this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

/s/ Dora F. Kaufman
DORA F. KAUFMAN, ESQ.
Florida Bar No. 771244
E-mail: dfk@lgplaw.com
JUAN A. GONZALEZ, ESQ.
Florida Bar No. 375500
E-mail: jag@lgplaw.com
J. RANDOLPH LIEBLER, ESQ.
Florida Bar No. 507954

E-mail: jrl@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2013, I caused the foregoing document to be filed with the Clerk of Court (by the Court use of CM/ECF electronic transmission). I also certify that the foregoing document is being served this day on all counsel of record listed on the service list below via E-mail on the same date.

/s/ Dora F. Kaufman
DORA F. KAUFMAN

## SERVICE LIST

**Robert M. Brush, Esq.**
Brush, Pujol & Coyle, P.A.
825 E. Main Street
Lakeland, Florida 33801
Phone: 863-603-0563
Fax: 863-603-0884
Email: bob@kbpclaw.com
*Attorney for Plaintiff*

**Stephen M. Martin, Esq.**
200 Lake Morton Dr., Fl. 2
Lakeland, Florida 33801
Phone: 863-683-8765
Fax: 863-687-6283
Email: smmattorney@smartinpa.com
*Attorney for Plaintiff*

-12-

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400