## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### *(TAMPA DIVISION)*

### CIVIL DIVISION

CHRISTINE MILLER as the Personal
Representative of the Estate of
Abraham L. Shakespeare, deceased,

       Plaintiff,

v.                             CASE NO.: 8:13-cv-01425-VMC-AEP

BANK OF AMERICA, N.A.,

       Defendant.

_____/

### DEFENDANT'S, BANK OF AMERICA, N.A., MEMORANDUM IN RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND [DE 10]

Defendant Bank of America, N.A. ("BANA" or "Bank"), through undersigned counsel files its Memorandum in Response in Opposition to Plaintiff's Motion for Remand [DE 10] (the "Response"). In support, BANA states:

### INTRODUCTION

Plaintiff's Motion for Remand [DE 10] contends this lawsuit should be remanded to state court because: 1) there is no jurisdiction over BANA (due to the Plaintiff's failure to formally serve the Complaint on BANA); and 2) Plaintiff's proposed amended complaint (which has not been filed with the Court) renders the case non-removable as it would defeat complete diversity of citizenship. Mot. Rem. at ¶¶ 2, 7. Defendant's Notice of Removal [DE 1] was proper despite Plaintiff's failure to formally serve Defendant with process. Plaintiff's argument that the proposed amended complaint defeats jurisdiction is not ripe as Plaintiff has filed no amendment to the Complaint. Under these circumstances and the additional factors discussed below, denial

CASE NO.:  8:13-cv-01425-JSM-AEP

of the motion for remand and rejection of any attempted joinder to defeat jurisdiction is warranted.

## ARGUMENT

**I.     Defendant's removal was proper despite Plaintiff's failure to formally serve Defendant with process.**

On May 31, 2013, thirty (30) days following the May 1, 2013 issuance of the summons directed to the Defendant Bank, BANA filed a Notice of Removal with this Court.  On May 21, 2013, Plaintiff's counsel, Stephen Martin, agreed in writing "that [BANA] may have until June 28" to respond to the Complaint. *See* **Exhibit "A"**.  Plaintiff states that BANA has not been served with process and claims that there is no jurisdiction over BANA, ignoring BANA's written appearance and the written agreement between counsel on BANA's deadline to respond to the Complaint.  To support this argument, Plaintiff relies on the United States Supreme Court case of *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) and quotes it for the proposition that "[i]n the absence of service of process (or waiver of service by the defendant) a court ordinarily may not exercise power over a party the complaint names as a defendant." *Id.* at 350.

Plaintiff's contention that removal is improper due to the Plaintiff's failure to serve the Complaint fails as a matter of law.  In *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009), a defendant removed the action from state court prior to being served. *North,* 600 F. Supp. 2d at 1264.  Relying on the holding of *Murphy Bros.*, the plaintiff argued that defendant's receipt of the complaint (presumably from the state court's docket clerk) was not service and that the defendant must be actually served with a copy of the complaint and summons before it can remove. *North,* 600 F. Supp. 2d at 1270.

This Court, however, properly noted that the *Murphy Bros*. decision did not superimpose a service requirement on removal, but rather, was limited to the holding that faxing a courtesy copy of a complaint to defense counsel did not trigger the thirty (30) day time period for removal under 28 U.S.C. § 1446(b).  *Id*.  It then found that removal by the unserved non-forum defendant who had received the complaint was proper under 28 U.S.C. § 1446(b).  *Id*. ("Contrary to Plaintiff's view, courts permitting unserved non-forum defendants to remove under Section 1441(b) have concluded, axiomatically, that an unserved defendant in receipt of the complaint may remove prior to service under Section 1446(b) . . . This Court reaches the same result.")

Here, BANA, a resident of North Carolina and therefore, a non-forum defendant received a copy of the complaint and elected to remove the case to this Court prior to formal service to avoid the potential expiration of the time limit to remove the case.[1]  Under this Court's decision in *North*, the May 31, 2013 removal of the lawsuit to this Court was entirely appropriate.

The argument that this Court lacks jurisdiction over BANA has no merit, as BANA voluntarily waived service of the process by filing an appearance, filing a Notice of Removal and by moving to dismiss.

Under Florida law, "[a] party submits to the jurisdiction of the court and waives jurisdictional defects by taking a step in the proceeding amounting to an appearance." *Starks v. Howard*, 611 So. 2d 52, 53 (Fla. 3d DCA1992).  A general appearance by a defendant is ordinarily affected when it makes "a motion involving the merits of plaintiff's claim and his right to maintain the lawsuit and secure the relief sought." *McKelvey v. McKelvey*, 323 So. 2d 651, 653 (Fla. 3d DCA 1976).  Moving to dismiss which challenges a complaint because it fails to

---

[1]     The undersigned counsel never received a definitive answer from counsel for the Plaintiff as to her May 21, 2013 query regarding whether BANA had been served with a summons.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

state a claim for relief, necessarily involves the merits of plaintiff's claim.  *Id.* (In finding *in personam* jurisdiction over defendant, the court stated "[t]he motion for protective order filed by [defendant] was in effect a motion to dismiss for, inter alia, failure to state a claim upon which relief can be granted, a ground going to the merits.")

Here, BANA voluntarily submitted itself to the jurisdiction of this Court and waived service by filing the Notice of Removal and by filing its Motion to Dismiss, which challenges the merits of Plaintiff's claims.   Accordingly, this Court has jurisdiction over this matter and BANA's removal prior to service was proper as a matter of law.

## II.    Plaintiff's argument that there would be no diversity based on a hypothetical proposed amended complaint is not ripe.

Plaintiff claims that it intends to amend the Complaint 1) to add Dorice "Dee Dee" Moore ("Moore") as a defendant and a claim for fraud against her; and 2) to add Guy Doug Hancock ("Hancock") as a defendant and claims against him for negligence and breach of fiduciary duty.  Mot. Rem.  at ¶ 6.  Plaintiff claims that a copy of the "proposed" amended complaint attached to the Motion to Remand "would be filed" on an unspecified future date in the state court. Mot. Rem.  ¶ 8.   The only pleading properly before the court is the Complaint in which there is complete diversity between Plaintiff (a Florida resident) and the only Defendant, BANA (a resident of North Carolina).  The propriety of removal is "determined on the basis of Plaintiff's Complaint *at the time of removal*", *Harper v. Marriot Hotel Servs., Inc.*, 2012 WL 6061726, *2 (M.D. Fla. Dec. 6, 2012) (emphasis added).  Plaintiff's argument that there "would no longer be complete diversity" if joinder was permitted is inapplicable.  For Plaintiff to join any proposed non-diverse parties post removal, the proposed joinder would have to survive the analysis required of a district under 28 U.S.C. § 1447(e) and relevant case law.

**III.    Any post-removal efforts to join additional parties and seek remand based on post-removal attempted joinder should be rejected.**

If Plaintiff attempted to join non-diverse parties post-removal, the propriety of their joinder would be governed by 28 U.S.C. § 1447(e). *See e.g. Scipione v. Advance Stores Co., Inc.*, 2012 WL 3105199, at * 2 (M.D. Fla. July 31, 2012). 28 U.S.C § 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

The Court's decision on whether to allow the joinder of a non-diverse party will determine the continuance of the Court's jurisdiction. *Small v. Ford Motor Co.*, 2013 WL 543340, at * 2 (S.D. Fla. Feb. 14, 2013). Accordingly, "the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum." *Id. citing Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure . . . and should deny leave to amend unless strong equities support the amendment." *Id.* (internal citations and quotations marks omitted).

In determining whether to permit diversity destroying joinder, the Court must balance the equities involved by weighing the following factors: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities." *Scipione*, 2012 WL 3105199, at * 2 (citations omitted). "This analysis begins in favor of the defendant, because the removal statutes are designed to give diverse defendants the option of a federal forum." *Thomas v. Big Lots*

CASE NO.: 8:13-cv-01425-JSM-AEP

*Stores, Inc.*, 2011 WL 3035269, at * 2 (M.D. Fla. July 25, 2011) (Covington, J.) *citing Burr v. Philip Morris, USA*, 2008 WL 2229689 at *1 (M.D. Fla. May 28, 2008).

Regarding the first factor, the court looks to the time when plaintiff moves to join to determine whether the motivation underlying joinder is to destroy diversity jurisdiction. *See e.g., Thomas*, 2011 WL 3035269, at * 3. "When 'a plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.'" *Id. quoting Mehta v. New York Life Ins. Co.*, 2009 WL 2252270 at * 3 (M.D. Fla. July 28, 2009).

Multiple decisions from the Middle District presenting similar facts have resulted in the denial of the plaintiff's efforts to join non-diverse defendants because the courts were suspicious that plaintiff's purpose was primarily to defeat diversity. *See e.g., Thomas*, 2011 WL 3035269, at * 3 (finding the circumstances strongly suggested amendment was designed to defeat diversity where plaintiff knew of identity of proposed non-diverse defendant well before seeking joinder only ten days after removal); *Burr*, 2008 WL 2229689 at *2 (finding record suggests principal if not sole motivation of proposed joinder was to defeat diversity jurisdiction where plaintiffs referred to proposed defendants in initial complaint but did not include them as defendants in the initial complaint and then sought to join them after removal); *Mehta v. New York Life Ins. Co.*, 2009 WL 2252270 (M.D. Fla. July 28, 2009) (finding circumstances suggested joinder was calculated to destroy diversity where original complaint alleged wrong doing against the parties proposed to be joined but did not initially name them as defendants and where motion to amend and motion to remand were filed simultaneously and were embodied in the same document); *Scipione*, 2012 WL 3105199 at * 2 (finding timing of motion in relation to date of removal, and

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

identification of proposed party to be joined prior to any discovery taking place, suggested that plaintiff's motion for joinder related more to diversity than to the merits of case).

Here, Plaintiff filed its motion to remand prior to taking discovery or any substantive action and after removal. No discovery has been taken. Moreover, Plaintiff well knew of the identity of Moore and Hancock prior to filing their Motion to Remand. Indeed, the Complaint pleads Moore and Hancock's alleged wrongdoing. The Plaintiff chose not to name them as defendants likely because one is in prison for life (Moore), *see* Complaint [DE 2] at ¶ 5, and the other (Hancock) may not be collectible. Plaintiff sued only BANA. Likely, the Plaintiff was motivated by economics, seeking only pockets with wallets. Now that BANA has availed itself of its right to remove, Plaintiff wants to join the additional parties in a thinly disguised effort to defeat jurisdiction. Based on the timing and Plaintiff's full knowledge of the purported roles of Moore and Hancock well before they filed their Complaint and Motion to Remand, it is evident that Plaintiff's primary motivation is to defeat diversity jurisdiction.

Plaintiff's strained explanation for the delay in serving BANA is not credible (i.e., because Plaintiff "was in the process of amending her complaint with the intention of adding additional parties"). Counsel for BANA and the Plaintiff agreed on a deadline to respond to the Complaint in BANA's Motion for Extension [DE 3] (originally filed in state court prior to removal). Had an amendment been intended, certainly it would have been addressed then. No mention was ever made by Plaintiff's counsel of an intention to amend prior to BANA's removal. Had Plaintiff intended to sue Moore and Hancock at the outset, it would have included them as defendants in the original Complaint, not propose to join them immediately after BANA's removal. Thus, Plaintiff's proposed joinder is directed at destroying diversity

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

jurisdiction, heavily weighting the first factor of the Court's analysis against permitting joinder and remand.

Regarding the second factor, Plaintiff was dilatory in proposing to join Moore and Hancock. It was only after BANA removed the case to federal court that Plaintiff proposed to join them (despite having full knowledge of their identity and even alleging wrongdoing by them in the Complaint). Plaintiff's delay in proposing the joinder weighs against permitting joinder and remand.

Regarding the third factor, Plaintiff will not be significantly injured if the joinder is not allowed. "[I]n analyzing whether the plaintiff will be significantly injured if amendment is not allowed, 'this court generally attempts to determine whether a plaintiff can be afforded complete relief in the absence of the amendment.'" *Scipione*, 2012 WL 3105199 at * 3 *quoting Jones v. Rent-A-Ctr. E., Inc.*, 356 F. Supp. 2d 1273, 1276-77 (M.D. Ala. 2005). Multiple courts have indicated that a plaintiff will not be significantly injured where the plaintiff can still obtain a judgment against the defendant despite the absence of the party proposed to be joined and where the plaintiff could sue that proposed party in state court. *See e.g.*, *id.*; *Linares v. Home Depot U.S.A., Inc.*, 2012 WL 1441577, * 3 (S.D. Fla. Apr. 26, 2012); *Duckworth v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 495380, * 2 (M.D. Fla. Feb. 20, 2008); *Small*, 2013 WL 543340 at * 3; *Rutsky v. Target Corp.*, 2012 WL 5604620, * 3 (S.D. Fla. Nov. 15, 2012).

Here, Plaintiff will not be significantly injured by denying the proposed joinder and remand as Plaintiff could pursue its claims against BANA while still suing Moore and Hancock in state court if she so chooses. This factor also weighs against permitting joinder and remand.

Lastly, the fourth factor (additional equities) also weighs against permitting joinder and remand. BANA has a significant interest in its choice of federal forum and the analysis of

CASE NO.:  8:13-cv-01425-JSM-AEP

whether to permit joinder of a non-diverse defendant after removal "begins in favor of the defendant, because the removal statutes are designed to give diverse defendants the option of a federal forum." *Thomas*, 2011 WL 3035269 at * 2 (citation omitted); *see also Small*, 2013 WL 543340, at * 2.    Additional equities also weigh against permitting joinder and remand. Therefore, each of the four factors for the Court's consideration militates against a remand and the attempted post-removal joinder of additional parties in an effort to defeat jurisdiction. Plaintiff's Motion for Remand should be denied.

## CONCLUSION

As demonstrated above, BANA's Notice of Removal [DE 1] was proper despite Plaintiff's failure to formally serve BANA with process prior to BANA's removal and Plaintiff's argument that the proposed amended complaint renders the case non-removable is not ripe as Plaintiff has not moved to amend the Complaint.  Even if the argument was ripe, based on the above factors, jurisdiction should be evaluated as of the May 31, 2013 removal date, remand should be denied, and this Court should deny any effort to join purportedly non-diverse defendants to defeat jurisdiction.  Accordingly, BANA respectfully requests that this Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

/s/ Dora F. Kaufman
DORA F. KAUFMAN, ESQ.
Florida Bar No. 771244
E-mail:  dfk@lgplaw.com
JUAN A. GONZALEZ, ESQ.
Florida Bar No. 375500
E-mail:  jag@lgplaw.com
J. RANDOLPH LIEBLER, ESQ.
Florida Bar No. 507954
E-mail:  jrl@lgplaw.com
LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400

CASE NO.:  8:13-cv-01425-JSM-AEP

Facsimile:  (305) 379-9626
*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2013, I caused the foregoing document to

be filed with the Clerk of Court (by the Court use of CM/ECF electronic transmission).  I also

certify that the foregoing document is being served this day on all counsel of record listed on the

service list below via E-mail on the same date.

/s/ Dora F. Kaufman
DORA F. KAUFMAN

## SERVICE LIST

**Robert M. Brush, Esq.**
Brush, Pujol & Coyle, P.A.
825 E. Main Street
Lakeland, Florida 33801
Phone: 863-603-0563
Fax: 863-603-0884
Email: bob@kbpclaw.com
*Attorney for Plaintiff*

**Stephen M. Martin, Esq.**
200 Lake Morton Dr., Fl. 2
Lakeland, Florida 33801
Phone: 863-683-8765
Fax: 863-687-6283
Email: smmattorney@smartinpa.com
*Attorney for Plaintiff*

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400