```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

CHRISTINE MILLER, as Personal
Representative of the Estate
of Abraham L. Shakespeare,

       Plaintiff,
v.                        Case No.: 8:13-cv-1425-T-33AEP

BANK OF AMERICA, N.A.,

       Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff Christine Miller's Motion for Remand (Doc. # 10), which was filed on June 27, 2013. Defendant Bank of America filed a Response in Opposition to the Motion for Remand on July 17, 2013. (Doc. # 16). The Court grants the Motion as follows.

**I.   Factual Background**

Abraham Shakespeare won the Florida Lottery in 2006 and opted to receive a lump sum payment of $17 million. (Doc. # 2 at ¶ 7). In October 2008, Dorice Moore befriended Shakespeare. (Id. at ¶ 8). Moore created Abraham Shakespeare, LLC on February 9, 2009, and made herself the general manager and resident agent. (Id. at ¶ 11). The next day, with the assistance of Branch Manager Guy Doug Hancock, Moore opened a bank account for Abraham Shakespeare, LLC at Bank of America, N.A. (Id. at ¶ 10).

Moore "informed Mr. Hancock that she was in the business of tracking down tax clients and turning them in to the IRS. She further informed Mr. Hancock that Mr. Shakespeare was one of the tax cheats, but that she felt sorry for him and had decided to help him instead of turning him in." (Id. at ¶¶ 13-14).

On February 11, 2009, Moore and Shakespeare met with Hancock at Bank of America and deposited a check payable to Shakespeare in the amount of $1,095,108.98. (Id. at ¶ 16). "At the meeting, Shakespeare was adamant that he have access to his money. As Moore and Shakespeare left Mr. Hancock's office, Ms. Moore 'ducked' back into Mr. Hancock's office asking him to call her if Mr. Shakespeare attempted to withdraw money because he would waste it." (Id. at ¶¶ 17-18). The next day, Moore asked Hancock how to remove Shakespeare as a signatory on the account. (Id. at ¶ 21). Hancock advised her that "it would require another set of LLC minutes." (Id.). On February 17, 2009, Moore presented Hancock with the LLC minutes. (Id. at ¶ 22).

On February 18, 2009, $250,000.00 was withdrawn from the Abraham Shakespeare, LLC bank account and paid to a company owned by Moore's boyfriend. (Id. at ¶ 23). On that same day, another $250,000.00 was withdrawn from the Abraham

Shakespeare, LLC bank account and deposited into an account owned by one of Moore's corporations. (Id. at ¶ 24). In the days that followed, hundreds of thousands of dollars were funneled into Moore's corporate accounts. (Id. at ¶¶ 25-26).

Shortly thereafter, Moore wrote a check to Hancock in the amount of $20,000.00 "for helping her keep Abraham away from the money." (Id. at ¶ 27). Hancock placed the check into a safe deposit box. (Id. at ¶ 28).

Shakespeare was murdered and his remains discovered on January 28, 2010. (Id. at ¶ 4). Moore was convicted of murdering him and sentenced to life in prison on December 10, 2012. (Id. at ¶ 5).

## II. **Procedural History**

On April 29, 2013, Shakespeare's Personal Representative, Christine Miller, filed a state court action against Bank of America alleging negligence and breach of fiduciary duty. (Doc. # 2). Prior to being served with the Complaint, Bank of America removed the action to this Court on May 31, 2013. (Doc. # 1). Bank of America asserts that the Court has diversity jurisdiction because Miller is deemed to be a citizen of Florida (because Shakespeare was a citizen of Florida), Bank of America, a National Bank, is a citizen of North Carolina (where it has its main office), and the amount

in controversy exceeds $75,000.00.

Miller seeks remand of the case based on the argument that "Bank of America has not yet been served with the complaint[,] accordingly, there has not yet been jurisdiction over the Defendant." (Doc. # 10 at 1). Miller also argues that remand is warranted because she seeks leave to amend her Complaint to add two non-diverse defendants, Moore and Hancock, which will destroy diversity jurisdiction. As an attachment to her Motion for Remand, Miller has filed her proposed Amended Complaint wherein she asserts a fraud count against Moore and counts for negligence and breach of fiduciary against Hancock. (Id. at 4-20). Bank of America has responded to the Motion for Remand.[1]

### III. Legal Standard

"A defendant may remove a case filed in state court to federal court 'if the district courts of the United States have original jurisdiction.'" Henry v. K-mart Corp., Case No. 8:10-cv-2105-T-33MAP, 2010 U.S. Dist. LEXIS 134499, at *7 (M.D. Fla. Dec. 9, 2010)(quoting 28 U.S.C. § 1441(a)).

---

[1] Bank of America also filed a Motion to Dismiss the action. (Doc. # 11). However, because the Court determines that remand is warranted due to the addition of non-diverse defendants, it is not appropriate to address the merits of the Motion to Dismiss.

Original jurisdiction exists if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

When a plaintiff moves to amend the complaint to add a non-diverse defendant after a case has been removed to federal court, 28 U.S.C. § 1447(e), rather than the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure, controls the analysis. Henry, 2010 U.S. Dist. LEXIS 134499, at *4 (citing Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998)).  28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

When considering a motion to amend to add a non-diverse defendant, the Court weighs several factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Henry, 2010 U.S. Dist. LEXIS 134499, at *4-5 (citing Hensgens v. Deere & Co., 833 F.3d 1179, 1182 (5th Cir. 1987)).

Furthermore, a court must consider whether the joinder of the non-diverse party is fraudulent. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.") The Eleventh Circuit has determined that fraudulent joinder occurs in three situations. Id. The first situation occurs "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." Id. (citation omitted). The second situation involves "outright fraud in the plaintiff's pleading of jurisdictional facts." Id. (citation omitted). The third situation arises "where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." Id. (citation omitted).

However, federal courts must narrowly construe removal statutes and "resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Henry, 2010 U.S. Dist. LEXIS 134499, at *8 (quoting Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc., 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009)).

Thus, "[t]he burden of establishing fraudulent joinder is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

**IV. Analysis**

Bank of America asserts that Miller should not be permitted to amend her Complaint to add the non-diverse defendants based upon an evaluation of the factors under 28 U.S.C. § 1447(e). For the reasons that follow, the Court finds that joinder of the two non-diverse defendants is appropriate and that the case should be remanded for lack of subject matter jurisdiction.

**A.    Attempt to Defeat Federal Jurisdiction**

First, Bank of America contends that Miller's primary purpose in seeking joinder of Moore and Hancock is to destroy complete diversity and defeat federal jurisdiction. Bank of America points out that these two individuals are identified in the Complaint, but Miller opted not to include them as defendants until after Bank of America removed the action to this Court. Bank of America relies upon Mehta v. New York Life Insurance Co., No. 8:09-cv-59-T-33TGW, 2009 U.S. Dist. LEXIS 129065 (M.D. Fla. June 30, 2009), in which Magistrate Judge Wilson recommended that a motion for leave to amend filed after removal be denied. Judge Wilson concluded that

"plaintiff's late addition of two known defendants and the timing of her requests to amend . . . appear calculated to destroy diversity jurisdiction." Id. at *7.

In the present case, the Court agrees with Bank of America that the timing of Miller's request to amend her Complaint to add non-diverse defendants to the action may be somewhat suspicious. However, Section 1447(e) "does not require a tribunal to make an inquiry into the Plaintiff's motive in adding a non-diverse defendant." Hughes v. Promark Lift, Inc., 751 F. Supp. 985, 987 (S.D. Fla. 1990)(citation omitted). Furthermore, "[t]he permissive language of § 1447(e) indicates that Congress intended to give the judiciary broad discretion in allowing joinder, even though remand may result." Id. Although it is a close call, this Court is not persuaded that Miller seeks amendment of her Complaint in an effort to divest this Court of subject matter jurisdiction.

**B.   Dilatory Motive**

The record reflects that Miller's case is in its infancy and that her request to amend the Complaint is made before service of process has been effected upon a single defendant. Dilatory motive has not been established under the facts presented.

### C. <u>Significant Injury to the Plaintiff</u>

The next factor requires this Court to consider whether Miller would be significantly injured if the amendment was not allowed. Bank of America contends Miller would not be injured if her construed motion to amend is denied because Miller could sue Moore and Hancock in state court. However, this Court finds the prospect of multiple lawsuits predicated upon the same series of transactions dispersed between the state and federal courts to be undesirable. The efficient use of scarce judicial resources does not contemplate duplicate actions arising from identical facts. In addition, an order requiring Miller to prosecute this action against Hancock (the agent) in state court and against Bank of America (the principal) in federal court could lead to inconsistent verdicts and other procedural anomalies.

### D. **<u>The Equities and Other Matters</u>**

In the context of determining whether fraudulent joinder has occurred, this Court "evaluate[s] factual allegations in the light most favorable to the plaintiff and resolve[s] uncertainties about the applicable law in the plaintiff's favor." <u>Pacheco de Perez</u>, 139 F.3d at 1380. Evaluating the allegations in the light most favorable to Miller, this Court finds that the Section 1447(e) factors and the balance of the

equities involved weigh in favor of allowing Miller to amend her Complaint.

Significantly, none of the three situations of fraudulent joinder described in Triggs, 154 F.3d at 1287, are present in this case. First, based on the allegations of the proposed Amended Complaint, it appears that Miller can prove her causes of action against both Moore and Hancock. Second, there is no evidence of "outright fraud in the plaintiff's pleading of jurisdictional facts." Id. Last, the Court finds that there is a clear connection between the claims against the defendants and the possibility of joint, several, or alternative liability. Accordingly, this Court finds that Bank of America has failed to meet its heavy burden of establishing fraudulent joinder.

Thus, this Court grants Miller's construed request to amend her Complaint and grants Miller's Motion for Remand. The Court directs that the case be remanded to state court due to the parties' lack of complete diversity and this Court's concomitant lack of subject matter jurisdiction.[2]

---

[2] Because the Court determines that amendment of the Complaint should be permitted to include non-diverse defendants, it is not necessary to address Miller's assertion that "Bank of America has not yet been served with the complaint[,] accordingly, there has not yet been jurisdiction over the Defendant." (Doc. # 10 at 1).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Miller's Motion for Remand (Doc. # 10) is **GRANTED**.

(2) Miller's proposed Amended Complaint (Doc. # 10 at 4-20) is deemed filed as of the date of this Order.

(3) The Clerk is directed to **REMAND** this case to state court.

(4) After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record